FILED

2004 MAR -3 P 1: 15

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD ROQUE, *Plaintiff* | : : : | PRISONER CASE<br>Civil No. 3:02CV1808 (JCH) |
| VS. | : : | |
| COMMISSIONER JOHN ARMSTRONG<br>WARDEN HECTOR RODRIGUEZ<br>UNIT MANAGER HANNA<br>CAPTAIN KNIGHT<br>CTO BAILEY<br>OFFICER SANDERS<br>OFFICER GETHERS<br>OFFICER HAMED<br>STATE OF CONNECTICUT<br>*Defendants* | : | March 2, 2004 |

## AMENDED COMPLAINT

The Plaintiff, Richard Roque, *pro se*, hereby amends his complaint, in accordance with the Order of this Court (Hon. Mag. Judge Holly B. Fitzsimmons). This Amended Complaint is identical to one dated January 29, 2004, except that the case caption has been corrected to list all of the Defendants, and the Certification has been updated to reflect the change in defense counsel.

The Plaintiff wishes to apologize to the Court for the late filing of this Amended Complaint, which is due to circumstances beyond his control. Counsel for the Defendants stated that he takes no position as to the late filing of the January 29, 2004 Amended Complaint.

### A. PARTIES:

1. The Plaintiff, Richard Roque, is a citizen of Connecticut, who presently resides in Radgowski Correctional Institution, 982 Norwich-New London Turnpike, P.O. Box 980, Uncasville, CT 06382, inmate number 202380.

2. The Defendant, John Armstrong, is a citizen of Connecticut, whose address is 24 Wolcott Hill Road, Wethersfield, CT 06109. At all times material hereto, said Defendant was

and is acting under color of state law as the Connecticut Commissioner of Correction. Said defendant is sued in his individual and official capacities.

3. The Defendants named in Paragraphs 4 through 8, *infra*, are or were employees of the Connecticut Department of Correction, employed at Cheshire Correctional Institution, 900 Highland Avenue, Cheshire, CT. Said Defendants were acting under color of state law, in the capacities set forth in said paragraphs. Said defendants are sued in their individual capacities.

4. The Defendant, Hector Rodriguez, was the Warden of Cheshire Correctional Institution.

5. The Defendant, Unit Manager Hanna, was the Unit Manager and Counselor Supervisor of North Block One at Cheshire Correctional Institution.

6. The Defendant, Captain Knight, was the Unit Manager of South Block Six at Cheshire Correctional Institution.

7. The Defendants, CTO Bailey, Officer Sanders and Officer Gethers, were correctional officers employed in South Block Six at Cheshire Correctional Institution.

8. The Defendant, Officer Hamed, was the Grievance Coordinator for Cheshire Correctional Institution.

9. The Defendant, State of Connecticut, Department of Correction, is the subject of the accompanying Motion to Add Defendant. Said Defendant's address is 24 Wolcott Hill Road, Wethersfield, CT 06109. Said defendant is sued in its individual and official capacities pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et. seq.* At all times material hereto, said Defendant was and is acting under color of state law.

## B. JURISDICTION:

10. Jurisdiction is asserted pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et. seq.*; 42 U.S.C. § 1983; 28 U.S.C. § 1343 (a)(3); and 28 U.S.C. § 1367.

11. The Defendants receive and accept federal funding for the operation of the Connecticut correctional system, including Cheshire CI.

### C. NATURE OF THE CASE

12. At all times material hereto, the Plaintiff was and is a prison inmate, in the custody of the Connecticut Department of Correction, and as such was subject to the control of the Defendants. The Plaintiff was and is physically and mentally disabled, as hereinafter set forth. The Defendants have failed and refused to make reasonably accommodations for the Plaintiff's disabilities, as hereinafter set forth, and have denied and refused necessary medical care. Said failures, refusals and denials have further denied the Plaintiff the equal protection of the laws, subjected him to cruel and unusual punishment, and violated Connecticut statutes and regulations.

### D. FACTS:

13. The Plaintiff has been and is disabled, suffering from multiple ailments including disc disease; arthritis and other injuries, particularly affecting his lower back, hips, legs, knees and ankles; inflammation; right shoulder injury; gout; thyroid disease with hypothyroidism; kidney disease with past kidney failure; headaches; hallucinations; depression; anxiety; insomnia; and further ailments which the Defendants have failed and neglected to diagnose properly.

14. As a consequence of the aforesaid conditions, the Plaintiff's ability to walk has been and is greatly impaired, such that he required reasonable accommodations, including the use of a cane, housing which did not require the use of stairs, and greater than normal time to walk any distance.

15. As a further consequence of the aforesaid conditions, the Plaintiff has been in need of extensive medical treatment.

16. The Defendant, State of Connecticut, Department of Correction knew of all or many of the aforesaid medical conditions, and knew of the Plaintiff's disabilities and needs for accommodation and medical treatment, by reason of medical examinations and treatments rendered during the Plaintiff's past incarceration.

17. Following the Plaintiff's re-incarceration and sentencing in March 2002, the Plaintiff was evaluated for placement at a correctional facility.

18. During the evaluation process, the Plaintiff further informed the Defendant of his conditions, disabilities and medical needs.

19. Despite the Plaintiff's many disabilities and medical needs as set forth *surpa*, the Defendants unreasonably and improperly assigned the Plaintiff to Cheshire Correctional Institution (hereinafter referred to as Cheshire CI), a correctional facility which could not or would not reasonably accommodate the Plaintiff's needs.

20. Due his disabilities in walking, the Plaintiff was unable to utilize the recreational facilities provided for inmates at Cheshire CI.

21. The Plaintiff was not provided with any alternative facility or opportunity for recreation, and no reasonable accommodation was made or attempted, to provide the Plaintiff any opportunity for recreation.

22. Consequently, the Plaintiff was deprived of normal and adequate recreation throughout the time he was assigned to Cheshire CI.

23. Shortly after the Plaintiff's assignment to Cheshire Correctional Institution, the Defendants assigned the Plaintiff to a cellblock known as North Block 1.

24. North Block 1 is a two-level cellblock, with prisoners housed in cells on both the lower and upper levels.

25. Prisoners housed on the upper level of North Block 1 are required to descend and ascent the stairs within the cellblock many times daily, for meals and whenever required to leave or return to the cellblock.

26. Despite the Plaintiff's great difficulties in walking, the Plaintiff was assigned to a cell on the upper level of North Block 1.

27. In addition, the Plaintiff was refused and denied the use of a cane for walking, despite his requests that he permitted use of a cane and medical documentation of his need for same.

28. The Plaintiff was frequently subjected to derision and humiliation for his difficulties in walking and inability to walk as fast as the majority of inmates.

29. The Plaintiff was frequently ordered to walk faster than he reasonably could walk.

30. Shortly after the Plaintiff's assignment to North Block 1, this unit limited inmate showers to once a day, for a short time period during the evening.

31. Inmates did not receive individually assigned times for showers, but were obliged to compete for the use of showers within the time allotted.

32. Due to the crowding and jostling by the large number of able-bodied inmates seeking showers during this time period, the Plaintiff was generally unable to reach the showers and to shower within the allotted time.

33. The Plaintiff requested permission to begin walking to the shower area before the other inmates, so that he could reach the shower area in time.

34. The Plaintiffs requests were ignored and/or refused on most occasions.

35. As a result of the aforesaid, the Plaintiff was only rarely able to shower during the time that he was assigned to North Block 1.

36. The Plaintiff repeatedly requested a transfer to a first floor cell.

37. The Plaintiff was not re-assigned within North Block 1, and was not transferred to another cellblock within a reasonable time.

38. The Plaintiff was eventually transferred to South Block 6, with a cell on the first floor.

39. Some time following his transfer to South Block 6, the Plaintiff was issued a walking cane.

40. In South Block 6, the shower facilities and shower time was even more limited in relation to the size of the inmate population, so that the Plaintiff again needed special accommodation to be able to use the shower facilities.

41. The Plaintiff requested permission to shower during the time that other inmates were at recreation, during which time the shower facilities were not otherwise in use.

42. The Defendant, Captain Knight, as Unit Manager for South Block 6, approved this request.

43. However, Defendant Knight failed and neglected to require all correctional officers assigned to South Block 6 to comply with this order, and other Defendants assigned to South

Block 6 did not consistently comply with the order, so that on numerous occasions the Plaintiff was refused permission to shower during the recreation period.

44. The Plaintiff also requested permission to begin walking to the shower area before the other inmates, so that he could reach the shower area in time during the normal shower period.

45. These requests were frequently ignored and/or refused.

46. As a result of the aforesaid, the Plaintiff was only rarely able to shower during the time that he was assigned to South Block 6.

47. During the time the Plaintiff was assigned to South Block 6, he was required to walk approximately one half mile, each way, to and from the eating area.

48. The Plaintiff requested permission to begin walking to the eating area before other inmates, so that he could arrive on time.

49. The Defendants were ordered by an appropriate correctional officer to allow the Plaintiff to begin walking to the food area 5 minutes before other inmates.

50. This order was carried out on some occasions, but on many other occasions the Defendants failed and/or neglected to allow the Plaintiff to begin walking before other inmates.

51. Indeed, on numerous occasions the Defendants released the Plaintiff from his cell last, so that he had less time to walk to the food area than the able-bodied inmates in the unit.

52. On numerous occasions the Plaintiff was threatened with disciplinary action if he failed to walk to the food area within the unreasonable time allowed to him.

53. In approximately September 2003, the Defendants re-assigned and transferred the Plaintiff to Radgowski Correctional Institution.

54. During the Plaintiff's assignment at Cheshire CI and Radgowski CI, the Plaintiff was denied, and continues to be denied, necessary medication, including medication for his gout and medication to relieve pain.

55. Although the Plaintiff was recommended by a Department of Correction physician for further medical evaluation at the University of Connecticut Health Center, and the Plaintiff

gave written consent for this evaluation when asked to do so, the Plaintiff was not taken to the University of Connecticut Health Center for necessary medical evaluation.

56. Throughout this time the University of Connecticut Health Center regularly examined and treated inmates of the Department of Correction, and maintained special facilities for the confinement and treatment of inmates.

57. The Plaintiff also did not receive any outside medical evaluation or treatment.

58. All of the aforesaid caused further injuries to the Plaintiff's medical and mental health, and great pain, suffering, fear and humiliation, and deprived him of equal access to prison facilities.

59. Throughout the aforesaid time period, the Plaintiff filed numerous grievances concerning the aforesaid treatment and lack of accommodation.

60. Said grievances were denied and/or ignored.

61. The Plaintiff has exhausted his administrative remedies, although not required to do so under the Americans with Disabilities Act and the Rehabilitation Act of 1973.

### E. REQUESTS FOR RELIEF:

The Plaintiff requests:

    a. Compensatory and punitive damages in the amount of twelve million ($12,000,000) dollars;

    b. Injunctive relief, requiring the Defendant State of Connecticut, Department of Correction and the Defendant John Armstrong to provide proper accommodations and proper medical evaluation and treatment to the Plaintiff.

    c. Such further relief as in law or equity may appertain.

The Plaintiff respectfully requests trial by jury.

Respectfully submitted,

X _____
Richard Roque, Plaintiff, *pro se*
Inmate # 202380
Radgowski CI
982 Norwich-New London Tpke
P.O. Box 980
Uncasville, CT  06382

The undersigned, although not authorized to appear herein, has assisted in preparing this Amended Complaint.

_____
Kenneth J. Speyer, Esq.,
Staff Attorney
Inmates' Legal Assistance Program
78 Oak Street
P. O. Box 260237
Hartford, CT  06106-0237
(800) 301-4527 or (860) 246-1118

I hereby certify that a true copy of the foregoing was mailed on March 2, 2004, to:

Atty. Neil D. Parille
Attorney General's Office
110 Sherman Street
Hartford, CT   06105

X _____
Richard Roque
Inmate # 202380
Radgowski CI
982 Norwich-New London Tpke
P.O. Box 980
Uncasville, CT   06382