# EXHIBIT "E"

| State of Connecticut Department of Correction | DIRECTIVE NUMBER | EFFECTIVE DATE | PAGE 1 OF |
|---|---|---|---|
| | 9.6 | January 29, 2002 | 8 |
| ADMINISTRATIVE DIRECTIVE | SUPERSEDES: Inmate Grievances – 8/16/99 | | |
| APPROVED BY | TITLE: Inmate Grievances | | |

1. <u>Policy</u>. The Department of Correction shall provide a means for inmates to address grievances. The Inmate Grievance Procedure shall be an administrative remedy which enables the Department to resolve legitimate grievances in a timely manner, to identify individual and systemic problems, and to facilitate the accomplishment of its mission.

2. <u>Authority and Reference</u>.

   A. Connecticut General Statutes, Section 18-81.
   B. 42 United States Code 1997e.
   C. 28 Code of Federal Regulations 40.
   D. American Correctional Association, Standards for Adult Community Residential Services, Second Edition, August 1980, Standard 2-2154.
   E. American Correctional Association, Standards for Adult Probation and Parole Field Services, Second Edition, March 1981, Standard 2-3163.
   F. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standard 3-4271.
   G. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standard 3-ALDF-3E-11.
   H. 1990 Americans with Disabilities Act.
   I. Administrative Directives 2.17, Employee Conduct; 6.10, Inmate Property; 6.14, Security Risk Group; 9.1, Population Management; 9.2, Inmate Classification; and 9.5, Code of Penal Discipline.

3. <u>Definitions</u>. For the purposes stated herein, the following definitions apply:

   A. <u>Emergency Grievance</u>. A grievance processed by expedited methods to resolve an issue which presents: (1) a threat of death or injury; (2) a threat of disruption of facility operations; or (3) a need for prompt disposition because the time is lapsing when meaningful action or decision is possible.
   B. <u>Grievance</u>. A written complaint filed by an inmate on the inmate's own behalf in accordance with the procedures stated herein.
   C. <u>Grievance Coordinator</u>. An employee of the unit designated to coordinate the Inmate Grievance Procedure.
   D. <u>Inmate</u>. A person in the custody of the Department of Correction to include those confined in a facility or under community supervision.
   E. <u>Unit</u>. An organizational component of the Department, including correctional institutions, correctional centers, detention centers, DWI units, community enforcement offices and the health services division.
   F. <u>Unit Administrator</u>. The person in charge of a unit specified in (E) above.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | January 29, 2002 | 2 | 8 |

| TITLE | |
|---|---|
| | Inmate Grievances |

4. __Notice.__

   A.   The Inmate Grievance Procedure shall be published in English and
        Spanish. Each inmate, direct contact employee and direct contact
        contractor shall be issued a written summary of the Inmate
        Grievance Procedure upon initial contact with the Department. An
        inmate whose primary language is Spanish shall receive a copy
        written in Spanish. Appropriate provision shall be made for those
        who do not read, speak or understand English and Spanish. Inmates
        who are impaired or disabled shall receive assistance as
        necessary.

   B.   English and Spanish copies of the Inmate Grievance Procedure shall
        be available in each inmate library and shall be provided to an
        inmate upon request.

   C.   An inmate shall receive oral instruction about the Inmate
        Grievance Procedure, filing of a grievance and obtaining grievance
        forms. This instruction shall encourage questions and take place
        as part of the orientation curriculum, not later than two (2)
        weeks after admission.

   D.   Staff shall receive oral instruction regarding the Inmate
        Grievance Procedure during orientation training and upon
        assignment to a new unit.

   E.   Upon transfer, an inmate shall be informed of the Inmate Grievance
        Procedure at the receiving unit.

5. __Access.__ Each inmate in the Department's custody shall have access to
   the Inmate Grievance Procedure. Special provisions shall be made to
   ensure access for the impaired or disabled, illiterate or those with
   language barriers.

   A.   Any inmate who needs assistance in using the Inmate Grievance
        Procedure shall receive assistance upon request.

   B.   Access shall only be limited as a result of abuse of the Inmate
        Grievance Procedure in accordance with Section 19 below or failure
        to comply with the process.

6. __Grievable Matters.__

   A.   __Grievable.__ The following matters are grievable:

        1.   The interpretation and application of policies, rules and
             procedures of the unit, division and Department.

        2.   The existence or substance of policies, rules and procedures
             of the unit, division and Department in accordance with
             Section 13 below.

        3.   Individual employee and inmate actions including
             any denial of access of inmates to the Inmate Grievance
             Procedure other than as provided herein.

        4.   Formal or informal reprisal for use of or participation in
             the Inmate Grievance Procedure.

        5.   Any other matter relating to access to privileges,
             programs and services, conditions of care or supervision and
             living unit conditions within the authority of the
             Department of Correction, to include rights under the
             Americans with Disabilities Act, except as noted herein.

        6.   Property loss or damage.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF | |
|---|---|---|---|
| 9.6 | January 29, 2002 | 3 | 8 |

| TITLE | |
|---|---|
| | Inmate Grievances |

B. **Non-Grievable.** The following matters are not grievable:

1. State and federal laws and regulations.
2. State and federal court decisions.
3. Actions pursuant to the Code of Penal Discipline, which are appealable through the disciplinary procedure provided in Administrative Directive 9.5., Code of Penal Discipline.
4. Classification decisions, which are appealable through the classification procedure provided in Administrative Directive 9.2, Inmate Classification.
5. The individual designation of an inmate as a Security Risk Group Member or a Security Risk Group Safety Threat Member in accordance with Administrative Directive 6.14, Security Risk Groups.
6. Health Services diagnosis or treatment.
7. Matters beyond the control of the Department, including parole decisions.

7. **Disposition and Remedy.** A grievance shall either be rejected, withdrawn, denied, resolved by compromise, or upheld. Grievances that are upheld shall be given an appropriate and meaningful remedy. Such remedies may include, but not be limited to:

A. Corrective action to rectify the matter being grieved.
B. Changes in written policy and procedures or in interpretation or application of written policies and procedures.
C. Enforcement of existing policy and procedure.
D. Development of policies and procedures pertaining to the grievance.

8. **Administrative Provisions.** Each Unit Administrator shall establish unit directives consistent with the Inmate Grievance Procedure and the type of unit, which shall include at a minimum:

A. The designation of a staff person, to be known as the Grievance Coordinator, whose scope of authority and responsibility shall be defined by the Unit Administrator.
B. Notification procedures to inmates of the name of the Grievance Coordinator.
C. Provision for adequate numbers of collection boxes at various unit locations for the deposit of grievances. Units shall provide locked boxes for depositing grievances.
D. Procedures for the regular and timely collection and appropriate logging of grievances.
E. Procedures for the prompt handling of all emergency grievances.
F. Procedures to assure that no employee or inmate shall participate in the resolution of a grievance in which the employee or inmate is allegedly involved.
G. Procedures to provide notice of and access to the Inmate Grievance Procedure for all inmates including the impaired, disabled, illiterate and those with language barriers.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE  OF | |
|---|---|---|---|
| 9.6 | January 29, 2002 | 4 | 8 |

| TITLE | |
|---|---|
| | Inmate Grievances |

9. **Informal Resolution.** An inmate shall attempt to seek informal resolution, in writing, through the use of the Inmate Request Form CN 9602, prior to filing an inmate grievance. A clear statement of the problem and action requested should be written by the inmate and sent to the appropriate unit Department Head or employee. Inmate Request Forms shall be available in all units. Response to the inmate shall be made within 15 calendar days from receipt of the request. The Unit Administrator shall post in each housing unit a list of staff members to whom Inmate Requests should be addressed for each of the grievable subjects.

10. **Filing a Grievance.** An inmate may file a grievance if Informal Resolution has not resolved the problem. The inmate shall attach the Inmate Request Form CN 9602, containing the appropriate staff member's response, to the Inmate Grievance Form which requirement may be waived for an emergency grievance. If the inmate was unable to obtain a blank Inmate Request Form, did not receive a timely response to the Inmate Request, or for a similar valid reason, the inmate shall include an explanation as to why the Inmate Request Form is not attached. A grievance shall be filed in accordance with the following provisions:

A. A grievance must be filed, in writing, on the Inmate Grievance Form CN 9601A or CN 9601B. Grievance forms shall be readily accessible to inmates.

B. Each grievable matter shall be submitted on a separate Inmate Grievance Form.

C. The grievance and the action requested should be stated simply and coherently.

D. The length of the grievance shall be restricted to the space available on the face of the grievance form and one (1) additional 8 1/2 x 11 inch page.

E. The grievance shall be free of obscene or vulgar language or content.

F. The grievance must be filed by an inmate who is personally affected by the grievance subject and shall not be filed by one (1) inmate on behalf of another.

G. The grievance must be filed within 30 days of the occurrence or discovery of the cause of the grievance, except for grievances regarding property, which must be filed within one (1) year of the discovery or within three (3) years of the occurrence.

H. A repetitive grievance may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial grievance is still in process.

A grievance may be returned without disposition to the inmate for failure to attempt Informal Resolution, or to adequately explain why a response to the Inmate Request Form is not attached, or for failure to comply with the provisions of subsections A through E above. "Returned without disposition" means that the grievance has not been properly filed; it may be re-filed when the error is remedied.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF |
|---|---|---|
| 9.6 | January 29, 2002 | 5      8 |

TITLE

Inmate Grievances

11. **Rejection of Grievances**.  Any grievance which does not meet the criteria specified in Sections 6(A), 10(F), 10(G) or 10(H) of the Inmate Grievance Procedure may be rejected.

12. **Appeals**.  A grievance that is denied or rejected may be appealed to the next level as provided for in Sections 16 and 17.  An appeal should be deposited in the Grievance Box. A grievance returned without disposition due to a failure to comply with the procedural requirements of Sections 9 and 10(A) through 10(E) may not be appealed.

    With the consent of the grievant, a reviewer may extend the time limit for a response up to 15 days using the Request for Time Extension Form, CN 9603.  A grievant may request a time extension of up to 15 days to file an appeal by sending a written Inmate Request Form to the Grievance Coordinator.  A request by the grievant may be granted at the discretion of the reviewer to whom the appeal is to be sent.

13. **Appropriate Review**.  A grievance about a matter that is beyond the authority of lower level(s) of review may be sent by the lower level reviewer directly to the appropriate level of review.  In such case the time limit(s) of the lower level(s) shall be combined with the time limit of the appropriate review level and the grievant shall be notified of the review process and of the time frame for response.  If the grievance is upheld, the time necessary to implement the change(s) may exceed the time limit for review.

14. **Medical Grievances**.  All health care related grievances shall be placed in a box designated for health services grievances and shall be processed by the designated Health Services Grievance Coordinator.

15. **Level 1 Review**.  The Level 1 review shall be made by the Unit Administrator or ranking facility Health Services Administrator/Supervisor, as appropriate.  The grievance shall be reviewed for compliance with the Inmate Grievance Procedure and investigated if the grievance is accepted.  The response shall be in writing within 30 calendar days and shall include a statement of the remedy for a grievance that is upheld, or of the reason a grievance is denied or rejected. The appropriate administrator shall notify the inmate of the Level 1 disposition and shall include an appeal form and directions for appealing to Level 2.

16. **Level 2 Review**.  An inmate may appeal a Level 1 disposition to Level 2 within five (5) calendar days of receipt of the decision.  The Level 2 review shall be made in accordance with the following:

    A.  A non-medical line grievance filed by an inmate confined in a correctional facility shall be reviewed by the Deputy Commissioner of Facility Operations.

    B.  A medical grievance or a grievance which deals with accommodation under the Americans with Disabilities Act shall be reviewed by the Deputy Commissioner of Programs and Treatment.

    C.  A grievance filed by an inmate supervised in the community shall be reviewed by the Deputy Commissioner of Field and Security Operations.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF |
|---|---|---|
| 9.6 | January 29, 2002 | 6    8 |

| TITLE | |
|---|---|
| Inmate Grievances | |

If a timely response to a Level 1 grievance is not received, an inmate may appeal to Level 2, one (1) day after the authorized time limit expires.  The response shall be in writing within 30 calendar days and shall include a statement of the remedy for a grievance which is upheld, or of the reason a grievance is denied or rejected.  Level 2 shall be the final level of appeal for all grievances except as provided in Section 17 below.

17. **Level 3 Review**.  Level 3 review is restricted to a grievance which challenges Department level policy; appeals for an emergency grievance which cannot be acted upon at a subordinate level; appeals which challenge the integrity of the grievance procedure; appeals for which a timely response to a Level 2 grievance is not received.  If a timely response to a Level 2 grievance is not received an inmate may appeal to Level 3 one (1) day after the authorized time limit expires. An appeal to Level 3 must be submitted within five (5) calendar days of receipt of a Level 2 decision.  The Level 3 review shall be made by the Commissioner.  The response shall be in writing, within 30 days, and shall include a statement of the remedy for a grievance which is upheld, or of the reason a grievance is denied or rejected.  Level 3 shall be the final level of appeal for all grievances.

18. **Emergency Grievance**.

   A.   **Identification**.  An inmate filing an emergency grievance must plainly mark the grievance as "Emergency".

   B.   **Expedited Process**.  Each Unit Administrator shall develop unit directives for handling emergency grievances, including procedures for assessing the emergency and expediting resolution, or forwarding the grievance without delay to the decision-maker who can resolve the matter.

   C.   **Time Limits**.  An emergency grievance that requires action within the unit shall receive a response within eight (8) hours followed by a written response within three (3) business days.  An emergency grievance that requires substantive response beyond the unit or that is appealed to Level 2 or Level 3 shall receive a response in two (2) business days and a written response in five (5) business days.  An emergency grievance that will be mooted by the passage of time specified for emergency grievances shall normally receive a verbal or other response prior to that time.

   D.   **Records**.  Following notification of the Unit Administrator, the grievance shall be recorded in accordance with the provisions for other grievances except it shall be denoted as an emergency.

   E.   **Rejection**.  If a grievance submitted as an emergency is ruled at any level not to be an emergency, it shall be returned to the grievant stating that the grievance is not an emergency and the reasons why.  The response shall indicate that the grievance may be resubmitted as a regular grievance.  No emergency grievance shall be rejected solely for failure to follow the procedures in the Inmate Grievance Procedure and any unit directives.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | January 29, 2002 | 7 | 8 |

TITLE

Inmate Grievances

19. <u>Abuse</u>. Abuse of the Inmate Grievance Procedure shall be determined by the Unit Administrator. An inmate may be deemed to be abusing the grievance procedure if any of the following conditions are met: (1) an inmate files more than seven (7) grievances in any 60 day calendar period; (2) an inmate files repetitive grievances addressing the same issue when sufficient time for response has not elapsed or when a valid response has been provided; (3) an inmate files harassing grievances; and (4) an inmate files an emergency grievances for a non emergency after having been warned of such a practice. A determination of abuse shall be made in writing and shall stipulate the restriction(s) imposed and its duration. Restrictions may include total denial of access to the grievance procedure except for an emergency grievance or a grievance relating to the inmate's property as specified in Administrative Directive 6.10, Inmate Property; a limitation on the number of grievances that may be filed; and a restriction as to the subject matter that may be grieved. A determination of abuse may be appealed to the next highest level of review.

20. <u>Records</u>.

   A. <u>Description</u>.

      1. <u>Grievance File</u>. A grievance file shall be maintained at each level for each grievance. The grievance file shall include a copy of the grievance, each response, and any supporting documents submitted in support of the grievance, presented during investigation, or relied upon in the decision.

      2. <u>Grievance Log</u>. The Grievance Log, CN 9604, shall be maintained at each level and shall include the name and number of the grievant, the dates of initial receipt and of the response at that level, a brief description of the problem and the disposition.

   B. <u>General Requirements</u>.

      1. Each unit shall use the grievance log format and the Inmate Grievance Form.

      2. The grievance file and the grievance log shall be systematically maintained by the Grievance Coordinator.

      3. Each grievance log shall be retained as the official record and for data collection purposes.

   C. <u>Retention</u>. A copy of each completed grievance shall be maintained at the unit for a minimum of three (3) years following final disposition of the grievance.

   D. <u>Restriction</u>. No copy of a grievance or adverse reference to any grievance shall be placed in an inmate's Master file.

   E. <u>Confidentiality</u>. The confidentiality of the contents of the grievance file, the grievance log, and any record of an inmate's participation in any grievance proceeding shall be maintained in accordance with the existing state statutes and regulations. All files shall be maintained in a locked cabinet not accessible to any person other than the Grievance Coordinator or Level 1

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | January 29, 2002 | 8 | 8 |

| TITLE | |
|---|---|
| Inmate Grievances | |

reviewer. Grievance Coordinators involved in the disposition of a grievance shall have access to records and information essential to the resolution of the grievance. This section shall not be cause for immunity from disciplinary action based on statements made in a grievance.

21. <u>Reprisal Against Staff.</u> No staff member who participates in the resolution of a grievance shall be affected negatively for participation in the solution of a grievance.

22. <u>Reprisal Against Inmates.</u> In accordance with Administrative Directive 2.17, Employee Conduct, no inmate shall suffer negative consequences such as denial or limitation of access to any privilege, service or program offered by the unit either formally or informally for good faith use or participation in the Inmate Grievance Procedure.

23. <u>Monitoring and Evaluation.</u> The Unit Administrator shall conduct an evaluation of the Inmate Grievance Procedure in November of each year. Inmates and employees shall be afforded an advisory role in the evaluation which shall include a review of both the effectiveness and credibility of the Inmate Grievance Procedure and recommendations for revision. An annual report shall be presented to the Commissioner by July 31 of each year. The report shall include the findings and recommendations of the evaluation process, statistical data regarding the number and type of grievances, types of dispositions and level of disposition, sample responses from each level, remedies granted, and evidence of compliance with time limits at each level of decision.

24. <u>Exceptions.</u> Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601 A
Rev. 1/8/02

| Inmate Name | | Inmate no. |
|---|---|---|

| Facility | Housing unit | Date |
|---|---|---|

☐ Line grievance     ☐ Line emergency     ☐ Health grievance     ☐ Health emergency

1. Informal resolution.  Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. Nature  of grievance.  Indicate the events and reasons that led you to file this grievance.  Specify dates, places, personnel involved, and how you were affected.  (If you need more space, use an 8 ½ by 11 inch sheet of paper and attach it to this form.)

3. Action requested.  Describe what action you want taken to remedy the grievance.

Inmate signature

You may appeal this decision within 5 days.  Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

| IGP no. | T no. |
|---|---|

| Date received | Disposition | Date of disposition |
|---|---|---|

Grievance issue

Reasons

Level 1 reviewer

Housing location

Inmate name                                    Inmate no.

# Inmate Grievance

# Confidential

---

### Disposition Code

**R   Rejected**      Your grievance does not comply with the requirements for filing a griev-
ance for the reasons stated.

**D   Denied**        The subject of your grievance is a grievable matter, but the grievance is
denied for the reasons stated.

**C   Compromise**    Some part(s) of your grievance is(are) justified. A remedy is offered con-
sistent with the part(s) of the grievance that is(are) justified.

**U   Upheld**        Your grievance is justified.



# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601 B
Rev. 1/8/02

| Inmate Name | Inmate no. |
|---|---|

| Facility | Housing unit | Date |
|---|---|---|

☐ Line grievance   ☐ Line emergency   ☐ Health grievance   ☐ Health emergency

| IGP no. | T no. |
|---|---|

Use this form to appeal a Level 1 decision.  Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form.  Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

Appeal.  I am appealing the Level 1 decision because:

| Inmate signature | Date |
|---|---|

## FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Level 2 reviewer

☐ This grievance may be appealed within 5 days to Level 3

☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

Appeal.  I am appealing the Level 2 decision because:

| Inmate signature | Date |
|---|---|

Deposit your appeal in the box for inmate grievances

## FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Level 3 reviewer

Housing location

| Inmate name | Inmate no. |
|---|---|

# Inmate Grievance

## Confidential

---

### Disposition Code

**R    Rejected**    Your grievance does not comply with the requirements for filing a griev-
ance for the reasons stated.

**D    Denied**    The subject of your grievance is a grievable matter, but the grievance is
denied for the reasons stated.

**C    Compromise**    Some part(s) of your grievance is(are) justified. A remedy is offered con-
sistent with the part(s) of the grievance that is(are) justified.

**U    Upheld**    Your grievance is justified.



# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 1/8/02

| Inmate Name | Inmate no. |
|---|---|

| Facility | Housing unit | Date |
|---|---|---|

Request

(continue on back if necessary)

Previous Action Taken

(continue on back if necessary)

| Submitted to | Date |
|---|---|

Acted on by

Action Taken and/or Response

(continue on back if necessary)

Response to Inmate Date

Staff Member Signature



# Inmate Grievance Procedure
## Request for Time Extension
### Connecticut Department of Correction

CN 9603
Rev. 1/8/02

| Inmate Name | Inmate no. |
|---|---|

| Facility | Housing unit | Date |
|---|---|---|

Your grievance/appeal is currently pending at Level

It appears that the time needed to investigate and respond to you will exceed the timeframe established by the grievance directive.  I am, therefore, requesting that you grant an extension of time at this Level so that the issue can receive full consideration.

| Grievance Coordinator | Date |
|---|---|

|    I hereby grant a time extension of <br><br> working days. |    The request for a time extension is <br><br> refused. |
|---|---|

| Inmate Signature | Date |
|---|---|

ATTACHMENT D

| | |
|---|---|
| YEAR _____ | INMATE GRIEVANCE PROCEDURE |
| LCTR No. _____ | GRIEVANCE LOG:  [ ] LINE    [ ] MEDICAL |
| PAGE _____ | GC _____ |

STATE OF CONNECTICUT
DEPT. OF CORRECTION
UNIT _____

reverse side of this log may be used for additional comments on individual grievances.