UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD ROQUE

V.

JOHN ARMSTRONG, ET AL.

PRISONER
CASE NO. 3:02CV1808 (JCH) (HBF)

### RULING AND ORDER

The plaintiff seeks an extension of time to file a response to defendants' motion for summary judgment. The defendants' do not object to the motion. The Motion [**doc. # 39**] is **GRANTED**. The plaintiff shall file his response to the motion for summary judgment on or before **December 16, 2004**.

Pursuant to Vital v. Interfaith Medical Ctr., 168 F.3d 615 (2d Cir. 1999) and McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999), the court again gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion for summary judgment will be accepted as true unless the plaintiff files affidavits or other documentary evidence contradicting these assertions. The plaintiff may not simply rely on his complaint, nor is a memorandum sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits[1] made on

---

[1] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an

personal knowledge or other documentary evidence to show that there is a genuine issue of material fact for trial.

If the plaintiff does not so respond, summary judgment may be entered against him. If summary judgment is granted against the plaintiff, the case will not proceed to trial. Instead, judgment will enter in favor of the defendants.

Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 56(a)2 of the United States District Court for the District of Connecticut. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement." The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which it contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 56 requires that:

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be

affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

    admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

    The court hereby informs the pro se plaintiff that "failure to submit a memorandum in opposition to [the] motion may be deemed sufficient cause to grant the motion," Rule 7(a), D. Conn. L. Civ. R., and that if no opposition is filed on or before December 16, 2004, the defendants' motion shall be granted. See generally Ruotolo v. IRS, 28 f.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).

    SO ORDERED this 22nd day of October, 2004 at Bridgeport, Connecticut.

_____/s/_____
Holly B. Fitzsimmons
United States Magistrate Judge