UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ROGUE | : |
| Plaintiff | : CIVIL ACTION NO. |
| v. | : 3-02-cv-1808 (JCH) |
| | : |
| JOHN J. ARMSTRONG, ET AL | : |
| Defendants | : OCTOBER 25, 2004 |

## NOTICE TO PRO SE LITIGANT

Defendants, Armstrong, Bailey, Gethers, Hanna, Knight, Rodriguez, Sanders and the State of Connecticut, have filed a Motion to Dismiss [Dkt. No. 38] this action for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Todd v. Exxon Corp., 275 F.3d 191, 197-98 (2d Cir. 2001). In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in the plaintiffs' favor. Stephenson v. Dow Chemical Co., 273 F.3d 249, 256 (2d Cir. 2001). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted). "[B]ald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

- 1 -

The court hereby gives notice to the pro se plaintiff that he should file a memorandum in opposition to the defendants' motion to dismiss explaining to the court why his complaint states a legal claim upon which relief could be granted. The plaintiff's memorandum must be filed by **NOVEMBER 29, 2004**. If the plaintiff does not file such a memorandum, the defendants' motion will likely be granted if it appears, absent objection, to be well-grounded, and the claims the defendants seek to have dismissed will likely be dismissed. See generally Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of October, 2004.

Janet C. Hall
United States District Judge