UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD ROQUE
                 PRISONER
v.               Case No. 3:02CV1808 (JCH)(HBF)

JOHN ARMSTRONG, et al.

## RULING ON PENDING MOTIONS

Pending before the court is a motion for appointment of counsel and motion for extension of time filed by the plaintiff. For the reasons set forth below, plaintiff's motion for appointment of counsel is denied and the motion for extension of time is granted.

Plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, see, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989), and has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In addition, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."

877 F.2d at 173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Id. at 171.

Although the court makes no determination on the merits of plaintiff's claims, it notes that the defendants have moved for summary judgment on grounds that plaintiff has failed to allege their personal involvement in the unconstitutional conduct and has failed to exhaust his administrative remedies as to his section 1983 and Americans With Disabilities Act and Rehabilitation Act claims.  The plaintiff has failed to file any response to the motion or submit any evidence that he has exhausted any of the claims in the amended complaint.

Based on the current state of the record, the court cannot conclude that plaintiff's claim possesses likely merit.  Accordingly, plaintiff's motion for appointment of counsel [**doc. #44**] is **DENIED**.   The plaintiff's motion for extension of time to respond to the motion for summary judgment [**doc. #43** ] is **GRANTED**.  The plaintiff shall file his response to the defendants' motion for summary judgment **on or before May 6,  2005**.  The court informs the plaintiff that If no response has been received by that date the court will consider the motion for summary judgment on the current record.

SO ORDERED  this 25th day of April, 2005, at Bridgeport, Connecticut.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE