UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD ROQUE                          :
                                       :    PRISONER CASE NO.
        v.                             :    3:02-cv-1808(JCH)
                                       :
JOHN ARMSTRONG, et al.[1]              :    SEPTEMBER 29, 2005

**RULING RE DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT [DKT. NO. 38]**

The plaintiff Richard Roque commenced this action pro se pursuant to 42 U.S.C.

§ 1983, section 504 of the Rehabilitation Act ("RA") and Title II of the Americans with

Disabilities Act ("ADA"), while he was confined in the custody of the Connecticut

Department of Correction.  On December 3, 2004, the Department of Correction

discharged the plaintiff.  He currently resides in Bridgeport, Connecticut.  The plaintiff

alleges that during the period from March 2002 through February 2004, the defendants

failed to provide him with necessary medical care and failed to make reasonable

accommodations for his physical and mental disabilities.  The defendants have filed a

motion for summary judgment.  For the reasons that follow, defendants' motion is

granted in part and denied in part.

I.      **Standard of Review**

        In a motion for summary judgment, the burden is on the moving party to

establish that there are no genuine issues of material fact in dispute and that it is

entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 256 (1986); SCS Communications, Inc. v. Herrick Co., 360

---

[1]   The named defendants are Commissioner John  Armstrong, Warden Hector
Rodriguez, Unit Manager Hanna, Captain Knight, CTO Bailey, Officer Sanders, Officer Gethers,
Officer Hamed and the State of Connecticut, Department of Correction.

F.3d 329, 338 (2d Cir. 2004).  The moving party may satisfy this burden "by showing–that is pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted); accord Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . ."  Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (internal quotation marks and citation omitted).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide."  Aldrich, 963 F.2d at 523 (internal citation omitted).  Thus, "'[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper.'"  Id. (quoting Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991)).  See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992) ("Viewing the evidence in the light most favorable to the nonmovant, if a rational

2

trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is innapropriate."). "'If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82-83 (2d Cir. 2004) (quoting Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996)).

When a motion for summary judgment is supported by sworn affidavits or other documentary evidence permitted by Rule 56, the nonmoving party "may not rest upon the mere allegations or denials of the [nonmoving] party's pleading." Fed. R. Civ. P. 56(e); Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). Rather, "the [nonmoving] party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. Id. "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990) (internal quotations and citations omitted). Similarly, a party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible. Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that). A self-serving affidavit that reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II.   **Facts**[2]

The plaintiff arrived at Cheshire Correctional Institution ("Cheshire") on April 24,

2002. Shortly after his arrival, prison officials assigned him to a cell on the upper level

of North Block 1.  Prison officials transferred him to a cell in South Block 6 on the lower

level.  The plaintiff remained at Cheshire until September 25, 2003, when he was

transferred to Corrigan Correctional Institution ("Corrigan").  The plaintiff alleges that he

suffered from multiple medical conditions including disc disease, arthritis, inflamation,

right shoulder injury, gout, hypothyroidism, kidney disease, past kidney failure,

headaches, hallucinations, depression, anxiety, insomnia, and other injuries affecting

his lower back, hips, legs, knees and ankles during his confinement at both Cheshire

and Corrigan.  He claims that these conditions impact his ability to walk.  He alleges

that he requires reasonable accommodations such as the use of a cane, a cell

assignment that does not require the use of stairs and additional time to travel any

distance within the prison facility.  The plaintiff claims that during his confinement at

Cheshire, the defendants failed to make accommodations for his disabilities and as a

result he was unable to participate in recreation and was not able to shower on a

regular basis.  The grievance log books from Cheshire reveal that no grievances were

---

[2]   The facts are taken from defendants' Local Rule 56(a)1 Statement [doc. #38-9].
The defendants filed their motion for summary judgment on September 27, 2004.  On October
26, 2004, the court provided the plaintiff with notice of his obligation to respond to the motion
and of the contents of a proper response.  (Ruling and Order Granting Motion for Extension of
Time to File Response to Motion for Summary Judgment [doc. #41]).  In response the plaintiff
has filed a memorandum, but has not attached a Local Rule 56(a)2 Statement to his
memorandum.  Because the plaintiff has not submitted a Local Rule 56(a)2 Statement,
defendants' facts are deemed admitted.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set
forth in said statement will be deemed admitted unless controverted by the statement required
to be served by the opposing party in accordance with Rule 56(a)2.")

filed by the plaintiff during the period from January 1, 2000 through January 1, 2004.

The plaintiff alleges that during his confinement at Cheshire and Corrigan, unidentified medical staff denied him medication for his gout and for his pain and failed to take him to the University of Connecticut Health Center for evaluation and treatment. Medical staff are responsible for the treatment of inmates' medical issues.  None of the defendants are members of the Department of Correction medical staff.

The plaintiff's third amended complaint is dated March 2, 2004.  On June 1, 2004, the plaintiff was transferred to Willard-Cybulski Correctional Institution.

The plaintiff sues Commissioner John Armstrong in his individual and official capacities pursuant to 42 U.S.C. § 1983 and the RA and ADA.  The plaintiff sues the State of Connecticut, Department of Correction in its individual and official capacities pursuant to the RA and ADA.  The plaintiff sues Warden Hector Rodriguez, Unit Manager Hanna, Captain Knight, CTO Bailey, Officer Sanders, Officer Gethers and Officer Hamed in their individual capacities only, pursuant to 42 U.S.C. § 1983 and the RA and ADA.

III.   **Discussion**

Defendants raise three arguments in support of their motion for summary judgment: (1) the section 1983 claims for monetary damages against defendant Armstrong are barred by the Eleventh Amendment, (2) the plaintiff fails to allege the personal involvement of the defendants in the section 1983 claims, (3) the plaintiff failed to exhaust his administrative remedies as to the ADA and RA claims before commencing this action; and (4) the plaintiff fails to state a claim for relief pursuant to the ADA and RA against them in their individual capacities.  For relief, the plaintiff seeks both injunctive relief and monetary damages.  The court will address the claims

for injunctive relief first.

A.    **Section 1983, RA and ADA Claims for Injunctive Relief**

The plaintiff asserts claims for injunctive relief against the State of Connecticut, Department of Correction, and John Armstrong pursuant to the ADA and RA and section 1983.  He seeks injunctive relief from both defendants in the form of an order requiring them to provide him with proper accommodation and proper medical evaluation and treatment.  The Second Circuit has held that an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution.  See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976).  See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").  Other circuits concur with this result.  See, e.g., McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999) (noting that an inmate's claim for prospective injunctive relief regarding conditions of confinement is rendered moot upon his release from confinement) .

The plaintiff has notified the court that he has been discharged from prison and now resides in Bridgeport, Connecticut.  Thus, any request for injunctive relief concerning the provision of medical care or proper accommodation for his disabilities by the former Commissioner of Correction or the Department of Correction is now moot.  The ADA, RA, and section 1983 claims for injunctive relief against defendants Armstrong and the State of Connecticut, Department of Correction are therefore dismissed.  See 28 U.S.C. § 1915(e)(2)(B) ("the court shall dismiss the case at any time

if the court determines that . . . the action . . . (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted . . .").

**B.    Section 1983 Claims for Monetary Damages**

The plaintiff alleges that he was unable to shower on a regular basis and participate in recreation during his confinement at Cheshire because defendants Armstrong, Rodriguez, Hanna, Bailey, Sanders, Gethers, Hamed and Knight failed to make accommodations for his various disabilities.[3]  He also claims that these defendants failed to provide him with medical treatment during his confinement at Cheshire and Corrigan in violation of the Eighth and Fourteenth Amendments.

**1.    Eleventh Amendment**

The plaintiff names defendant Armstrong in his official capacity.  The defendants contend that the Eleventh Amendment bars a damage award against defendant Armstrong in his official capacity.

Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment.  See Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332, 342 (1979).  The Eleventh Amendment immunity that protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity.  See Kentucky v. Graham, 473

---

[3]    The plaintiff asserts no section 1983 claims against the State of Connecticut, Department of Correction.

U.S. 159 (1985).  A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

The plaintiff's section 1983 claims for monetary damages against defendant Armstrong in his official capacity are barred by the Eleventh Amendment.  Defendants' motion for summary judgment is granted as to all section 1983 claims for damages against defendant Armstrong in his official capacity.

### 2.   Personal Involvement

The defendants contend that the plaintiff has failed to allege their personal involvement in the alleged failure to provide him with regular showers, recreation and medical care. The plaintiff simply responds that the defendants were involved in providing medical care.

In order to state a claim for damages under section 1983, the plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation.  See Gill v. Mooney, 824 F.2d 192, 196 (2d. Cir. 1987); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978).  The doctrine of respondeat superior is not applicable in section 1983 cases.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 692-95 (1978).


A supervisory official who has not directly participated in the conduct complained of may be found personally involved in the deprivation of an inmate's rights in other ways.

The personal involvement of a supervisory defendant may

> be shown by evidence that:  (1) the defendant participated
> directly in the alleged constitutional violation, (2) the
> defendant, after being informed of the violation through a
> report or appeal, failed to remedy the wrong, (3) the
> defendant created a policy or custom under which
> unconstitutional practices occurred, or allowed the
> continuance of such a policy or custom, (4) the defendant
> was grossly negligent in supervising subordinates who
> committed the wrongful acts, or (5) the defendant exhibited
> deliberate indifference to the rights of inmates by failing to
> act on information indicating that unconstitutional acts were
> occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)(quoting Wright v. Smith, 21 F.3d

496, 501 (2d Cir.1994) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986))).

However, "[a] supervisor may not be held liable under section 1983 merely because his

subordinate committed a constitutional tort."  Poe v. Leonard, 282 F.3d 123, 140 (2d

Cir. 2002).  Section 1983 imposes liability only on the official causing the violation.

Thus, the doctrine of respondeat superior is inapplicable in section 1983 cases.  Blyden

v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999).

        The plaintiff's second amended complaint is devoid of any allegations as to

defendants Armstrong, Rodriguez, Hanna, Bailey, Sanders, Gethers and Hamed.

Thus, the plaintiff has failed to allege their personal involvement in the alleged

constitutional violations.   The motion for summary judgment is granted as to all section

1983 claims for monetary damages against defendants Armstrong, Rodriguez, Hanna,

Bailey, Sanders, Gethers and Hamed in their individual capacities.  All section 1983

claims against defendants Armstrong, Rodriguez, Hanna, Bailey, Sanders, Gethers and

Hamed have been dismissed.

        The plaintiff's third amended complaint includes allegations against Captain

Knight.  The plaintiff alleges that during his confinement in South Block 6 at Cheshire
Correctional Institution, Captain Knight granted him permission to shower during the
time other inmates were participating in recreation.  Captain Knight failed to require the
defendants assigned to South Block 6 to permit him to shower during recreation.  As a
result, these defendants refused to permit the plaintiff to shower during recreation on
numerous occasions.  The third amended complaint includes no other allegations
against Captain Knight.  The defendants have not addressed the section 1983 claims
that defendant Knight failed to ensure that the plaintiff was able to shower on a regular
basis during his confinement in South Block 6.   Thus, the motion for summary
judgment is granted as to all section 1983 claims for monetary damages against
defendant Knight in his individual capacity except the claim that plaintiff was unable to
shower on numerous occasions during his confinement in South Block 6 at Cheshire.

### C.    ADA and RA Claims

The defendants argue that they are immune from suit as to the claims against
them in their individual capacities pursuant to the RA and ADA.  They further argue that
the plaintiff has failed to exhaust his administrative remedies as to his RA and ADA
claims against them in their official capacities.

### 1.    Individual Capacity Claims

The plaintiff sues all of the defendants in their individual capacities. The Second
Circuit has held that a plaintiff may not assert claims under either Title II of the ADA or
section 504 of the RA against state employees in their individual capacities.  See
Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001).
Accordingly, the motion for summary judgment is granted as to the ADA and RA claims

against all of the defendants in their individual capacities.

### 2.     Official Capacity Claims

The only claims remaining are the plaintiff's claims pursuant to the ADA and RA for monetary damages against the State of Connecticut, Department of Correction and Commissioner Armstrong in his official capacity.[4]  The defendants contend that the plaintiff has failed to exhaust his administrative remedies as to his ADA and RA claims. They submit an affidavit from the Grievance Coordinator at Cheshire Correctional Institution.  Correctional Treatment Officer DeFelice avers that the grievance logs from January 1, 2000 through January 1, 2004 include no grievances for the plaintiff. (DeFelice Aff. ¶ 6 [doc. #38-4]).  He further avers that "[had] Mr. Roque filed a grievance it would have been noted in the grievance logs." Id.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before bringing an "action . . . with respect to prison conditions" under section 1983.  The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action relating to prison life in federal court, see Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process.  See Booth v. Churner, 532 U.S. 731, 741 (2001).

"The failure to exhaust administrative remedies is an affirmative defense." Johnson v. Testman, 380 F.3d 691, 695 (2d Cir. 2004) (citing Jenkins v. Haubert, 179

---

[4]   The plaintiff does not sue the other defendants in their official capacities.

F.3d 19, 28-29 (2d Cir. 1999)).  Thus, defendants bear the burden of demonstrating that Williams failed to exhaust his administrative remedies.

In reviewing a claim of failure to exhaust administrative remedies, the court considers four questions: (1) whether administrative remedies were available to the inmate; (2) whether defendants forfeited their affirmative defense of failure to exhaust administrative remedies by failing to raise or preserve that claim; (3) whether any defendant is estopped from raising this claim because, by his actions, he inhibited the inmate's attempts to exhaust his administrative remedies; and (4) if administrative remedies were available to the inmate and defendants neither forfeited their defense nor inhibited the inmate from exhausting his remedies, whether the inmate has plausibly alleged "special circumstances" that would justify his or her failure to comply with the exhaustion requirement. Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Grievances.  In April 2002, section 6(A) provided that the following matters were grievable:

> 1.     The interpretation and application of policies, rules and procedures of the unit, division and Department.
> 2.     The existence or substance of policies, rules and procedures of the unit, division and Department . . . .
> 3.     Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
> 4.     Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
> 5.     Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include

rights under the Americans with Disabilities Act,
except as noted herein.
6.      Property loss or damage.

In October 2002, a seventh subsection was added to Section 6(A), "Any and all other complaints of any nature concerning prison life."  The court concludes that the RA and ADA claims are included within the list of grievable matters at subsections 5 and 7.

The defendants asserted the affirmative defense of failure to exhaust administrative remedied in their motion to dismiss, answer and motion for summary judgment.  Thus, defendants have not forfeited their right to assert this defense.

The third question the court must consider is whether, by their actions, the defendants inhibited the plaintiff from filing grievances and exhausting his administrative remedies.   See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004). The plaintiff does not allege that the defendants interfered with his ability to file grievances or participate in the grievance process.

Although there are no grievance forms attached to the third amended complaint, the plaintiff did attach some inmate request forms and grievance forms to his second amended complaint [doc. # 20].  The plaintiff attached a Level 1 grievance form dated May 20, 2002, in which the plaintiff claimed that a correctional official had denied his requests pursuant to the ADA to be moved to a cell on a lower floor and to shower. The plaintiff also attached a Level 2 appeal of that grievance indicating that no one had responded to his Level 1 grievance.  It is unclear whether the plaintiff intended this to be both a Level 2 and a Level 3 appeal.  The plaintiff attached an inmate request form dated September 12, 2002, and addressed to Warden Rodriguez regarding his claims that certain correctional officers failed to accommodate his various disabilities by

13

permitting him to shower while the other inmates were participating in recreation. Warden Rodriguez responded on October 22, 2002, and informed the plaintiff that Captain Muniz would address the plaintiff's concerns and would meet with him soon. The plaintiff attached a Level 1 grievance form dated October 21, 2002, concerning his claims that prison employees were not making accommodations for his disabilities as required by the ADA.  On November 5, 2002, Commissioner Armstrong responded to the grievance and noted that Warden Rodriguez had informed the plaintiff that another correctional official would meet with him to address his concerns.

In light of the Second Circuit's decision in Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004), the documents attached to the Second Amended Complaint, particularly the letter from Commissioner Armstrong, create an issue of fact as to whether the plaintiff properly exhausted his administrative remedies as to the ADA and RA claims by putting Commissioner Armstrong on notice of the nature of his claims and providing Commissioner Armstrong and the Department of Correction with the "'time and opportunity to address the c[laims] internally.'"  Johnson, 380 F.3d at 697 (quoting Porter, 534 U.S. 524-25.)  Thus, the defendants have not met their burden of demonstrating that they are entitled to judgment as a matter of law on this ground. Accordingly, defendants' motion for summary judgment is denied on the ground that the plaintiff failed to exhaust his administrative remedies as to the RA and ADA claims for monetary damages against the State of Connecticut and John Armstrong in his official capacity.

IV. **CONCLUSION**

The ADA, RA and section 1983 claims for injunctive relief against defendants

14

Armstrong and the State of Connecticut, Department of Correction are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Defendants' Motion for Summary Judgment [**Dkt. No. 38**] is **GRANTED** as to all section 1983 claims against defendants Armstrong, Rodriguez, Hanna, Bailey, Sanders, Gethers and Hamed; all section 1983 claims against defendant Knight except the claim that plaintiff was unable to shower on numerous occasions during his confinement in South Block 6 at Cheshire Correctional Institution; and all RA and ADA claims against the defendants in their individual capacities.  The Motion [**Dkt. No. 38**] is **DENIED** as to the ADA and RA claims for monetary damages against defendants State of Connecticut, Department of Correction and Armstrong in his official capacity and as to the section 1983 claim against defendant Knight in his individual capacity regarding plaintiff's inability to shower on numerous occasions during his confinement in South Block 6 at Cheshire Correctional Institution.

The court will permit the defendants thirty days to file a new motion for summary judgment addressing the RA and ADA claims for monetary damages against defendants State of Connecticut, Department of Correction, and Armstrong in his official capacity and the remaining section 1983 claim against defendant Knight in his individual capacity.  If the defendants choose not to file another motion for summary judgment within the time specified, the case will be scheduled for trial.

**SO ORDERED.**

Dated this 29th day of September, 2005, at Bridgeport, Connecticut.


/s/ Janet C. Hall
_____
Janet C. Hall
United States District Judge